UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RICHARD GRAMM and | ) | |
|---|---|---|
| HEADSIGHT, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:14-cv-575-TLS |
| | ) | |
| DEERE & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Deere & Company's Objections to, and Motion to Review, Magistrate Judge Nuechterlein's Order Denying Deere's Motion to Stay Pending *Inter Partes* Review [ECF No. 77], filed on January 25, 2016. On February 8, 2016, the Plaintiffs, Richard Gramm and Headsight, Inc. (collectively "the Plaintiffs"), filed their Response [ECF No. 78]. On February 18, 2016, the Defendant filed its Reply [ECF No. 79]. With this matter now being fully briefed, the Court reverses the Magistrate Judge's Order, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), and grants the Motion to Stay Pending *Inter Partes* Review.

**BACKGROUND**

On March 20, 2001, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent Number 6,202,395 ("the '395 Patent"), entitled "Combine Header Height Control," to the Plaintiffs.[1] (First Am. Compl. ¶ 9, ECF No. 7.) The '395 Patent is "directed generally to an apparatus for detecting and controlling the height above the soil of a combine header in the

---
[1] Plaintiff Gramm "owns all right, title, and interest to the '395 Patent" and Plaintiff Headsight is the "exclusive licensee under the '395 Patent." (First Am. Compl. ¶¶ 2–3.)

harvesting of corn crops as the combine traverses a field." (Resp. 2, ECF No. 66.) The Plaintiffs and the Defendant directly compete in the corn head height sensor market. (*Id.*) In the Amended Complaint, initially filed on March 21, 2014, the Plaintiffs allege that the Defendant sells products that infringe the '395 Patent (First Am. Compl. ¶ 8.)

On September 23, 2015, the Patent Trial and Appeal Board ("PTAB") granted a petition that the Defendant had filed with it and instituted *inter partes* review ("IPR") of Claims 1–11 and 27–34 of the '395 Patent. In this Court, the Defendant filed a Motion to Stay Pending IPR [ECF No. 62], on October 7, 2015. The Plaintiffs filed an Opposition to the Defendant's Motion [ECF No. 66], on October 26, 2015, although the Plaintiffs supported a partial stay as to the instituted claims. The Defendant filed its Reply [ECF No. 68], on November 5, 2015.

On January 11, 2016, the Magistrate Judge issued an Order [ECF No. 76] that denied the Motion to Stay Pending IPR, and ordered the Parties to continue with their litigation. The Defendant timely filed a Motion for District Court Review of the Magistrate Judge's Order [ECF No. 77], dated January 25, 2016. On February 8, 2016, the Plaintiffs filed their Response to the Defendant's Motion [ECF No. 78]. On February 18, 2016, the Defendant filed its Reply [ECF No. 79].

## STANDARD OF REVIEW

A district court will reverse a magistrate judge's order on a non-dispositive matter only if that order is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of*

*Bessemer*, 470 U.S. 564, 573 (1985)). An order is contrary to law if it "misapplied relevant statutes, case law, or rules of procedure." *Jones v. City of Elkhart*, No. 2:10-CV-402, 2012 WL 2458606, at *1 (N.D. Ind. June 27, 2012) (citing *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

## ANALYSIS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). When determining if a stay should be granted, competing interests must be weighed and the court must strive to maintain an even balance. *Id*. In the patent context, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *Broad. Innovations, L.L.C. v. Charter Commc'ns, Inc.*, No. 03-CV-2223, 2006 WL 1897165, at *12 (D. Colo. July 11 2006) (internal quotation marks omitted) (quoting *Whatley v. Nike*, No. 98-963-AS, 2000 WL 370529, at *2 (D. Or. Feb. 8, 2000)).

When deciding to stay litigation pending IPR, a court must consider whether the requested stay will (1) unduly prejudice or tactically disadvantage the nonmoving party, (2) simplify the issues in the infringement litigation and streamline the trial, and (3) reduce the burden of litigation on the parties and the court. *Lippert Components Mfg. v. Al-Ko Kober, LLC*, No. 3:13-CV-697-JVB, 2014 WL 8807329, at *4 (N.D. Ind. Jan. 16, 2014) (citing *Cook, Inc. v. Endologix, Inc.*, No. 1:09-CV-1248-WTL, 2010 WL 325960, at *1 (S.D. Ind. Jan. 21, 2010))

## A. The Magistrate Judge's Order

The Court finds that the Magistrate Judge clearly erred in denying the Defendant's Motion to Stay pending IPR. The Magistrate Judge only loosely considered one of the three factors—efficiency of resources—before ultimately denying the Motion to Stay. No resources would be saved, the Magistrate Judge reasoned, because both Parties had already prepared and submitted their claim construction briefs. (Order Den. Stay 2.) The Court recognizes the legitimacy of this concern, but the preparation of claim construction briefs does not automatically preclude additional resource preservation in the future, such as at the discovery or summary judgment stages. *See Drussel Wilfley Design, LLC v. Youngwerth*, No. 07-CV-02069-WYD, 2009 WL 230701, at *1 (D. Colo. Jan. 30, 2009) (granting a stay despite both parties completing claim construction briefs three months before). Nor does such a finding excuse the Magistrate Judge from considering the other two factors before issuing its Order, or at least providing some indication that those factors were considered. *See Landis,* 299 U.S. at 255.

Having found that the Magistrate Judge misapplied relevant case law, the Court will entertain the Defendant's Motion to Review the Motion to Stay pending IPR.

## B. The Three Factors

### 1. *Undue Prejudice or Clear Tactical Disadvantage*

"The first factor for determining the appropriateness of a stay pending IPR is whether the non-movant will suffer undue prejudice from a stay." *Arctic Cat Inc. v. Polaris Indus. Inc.*, No. 13-3579, 2015 WL 6757533, at *3 (D. Minn. Nov. 5, 2015). Technically there was no non-movant in this case, as the Defendant moved for a full stay and the Plaintiffs requested a partial stay. However, the Plaintiff's request for a partial stay was only in response to the Defendant's

request for a full stay; the Plaintiffs argued against a full stay because it would cause them undue prejudice. (Pls.' Opp'n 1, ECF No. 66.)

Courts have not found undue prejudice when Plaintiffs delayed before bringing an infringement suit. *E.g.*, *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14C856, 2014 WL 2505166, at *3 (N.D. Ill. May 29, 2014) ("[W]aiting from March 2012 to April 2014 to file the Complaint . . . indicates that [plaintiff] will not suffer undue prejudice from a delay); *Autoalert, Inc. v. Dominion Dealer Sols. LLC*, No. 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) ("If the Defendant's continued [infringement] was in fact catastrophic to Plaintiff's business, it is unlikely Plaintiff would have waited more than two years after acquiring its first patent to file suit."); *Visual Interactive Phone Concepts, Inc. v. Samsung Telecomm. Am., LLC*, No. 11-12945, 2012 WL 1049197, at *3 (E.D. Mich. Mar. 28, 2012). This lawsuit was initially filed in 2014 but, based on the Parties' correspondence, the Defendant's alleged infringement of the '395 Patent started around 2002. (Def.'s Reply in Supp. Mot. Stay Ex. E, ECF No. 68-1.) The Court cannot find undue prejudice given the Plaintiffs' approximately 12-year delay in filing suit.

Plaintiffs argue that a stay will unduly prejudice them because the Defendants are direct market competitors. Allegedly, the Plaintiffs have lost significant market share as a result of the Defendant's infringement since 2011. (Resp. 8–10.) However, the Plaintiffs "ha[ve] not sought a preliminary injunction in this litigation, which further supports the absence of [Plaintiffs'] concern regarding a pressing threat to" their market share. *Ignite*, 2014 WL 2505166, at *3; *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-662, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) ("The decision by a litigant to seek such injunctive relief may suggest that the parties, in fact, do compete and that real prejudice will flow from the imposition of a stay."); *Autoalert*,

2013 WL 8014977, at *3. For these reasons, the Court is not persuaded that a stay would prejudice Plaintiffs.

Finally, Plaintiffs raised no arguments about a clear tactical disadvantage that would result from a stay. Because this litigation is still in its infancy, *Ignite*, 2014 WL 2505166, at *2, the Court does not believe a stay would put either Party at a clear tactical disadvantage. Accordingly, this first factor weighs in favor of granting a stay pending IPR.

**2.**     ***Simplification of Issues***

The next factor to evaluate is whether a stay would "simplify the issues in the litigation and facilitate the trial of that case." *Arctic Cat*, 2015 WL 6757533, at *3; *Service Solutions U.S., L.L.C. v. Autel U.S. Inc.*, No. 13-10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28. 2015) ("IPR need not dispose of a case completely to simplify the issues in a case."). The benefits courts associate with granting a stay pending IPR include:

> (1) all prior art presented to the Court will have been first considered by the PTO, with its particular expertise; (2) many discovery problems relating to prior art can be alleviated by the PTO examination; (3) in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed; (4) the outcome of the reexamination may encourage a settlement without the further use of the Court; (5) the record of reexamination would likely be entered at trial, thereby reducing the complexity of and length of the litigation; (6) issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; (7) the cost will likely be reduced both for the parties and the Court.

*E.g.*, *Arctic Cat*, 2015 WL 6757533, at *3; *Neste Oil*, 2013 WL 3353984, at *4; *Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 720 (E.D. Tex. 2008).

Plaintiffs argue that a partial stay, rather than a full stay, would better serve the interests of simplification because the Court will need to address those claims not instituted in IPR even if the IPR is favorable to the Defendant. To determine whether a partial or full stay would be more appropriate to further the goal of simplification, the Court must determine whether the instituted

6

claims (Claims 1–11 and 27–34) and non-instituted claims (Claims 12–26) are "sufficiently related" in a way that would impede judicial economy if the claims were tried separately. *See Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C–14–1575, 2014 WL 3107447, at *5 (N.D. Cal. July 3, 2014). The wording of the two main independent claims (Claims 1 and 12) in the '395 Patent are substantially similar, and one is instituted while the other is not. (First Am. Compl. Ex. A. 11–12.) In effect, those claims not instituted in IPR are variations of the preferred embodiment for the '395 Patent that deal largely with how the corn head height sensor apparatus is attached to or conveyed upon a harvester. (*See id*.) Because of this, the Court finds that the non-instituted claims are sufficiently related to the instituted claims. Any PTAB ruling on the instituted claims will necessarily simplify this litigation. Accordingly, a full stay will better serve the interests of simplification and judicial economy than a partial stay.[2]

The Court finds that many of the benefits from granting a stay pending IPR will be present in this case. First, the USPTO's expertise in considering the prior art will be useful in resolving the infringement action. Second, because the instituted and non-instituted claims are sufficiently related, any outcome from IPR may encourage a settlement between the Parties. Third, the record from IPR will be useful should this case proceed to trial. Accordingly, the second factor weighs in favor of granting a stay pending IPR.

---

[2] In support of their argument for a partial stay, the Plaintiffs rely on *Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-CV-13864, 2015 WL 5719670 (E.D. Mich. Sept. 30, 2015). In *Signal IP*, the plaintiff sued multiple automobile manufacturers for patent infringement in separate lawsuits, including Ford and Fiat. *Id.* at *1. However, Ford and Fiat were not party to IPR proceedings at the USPTO regarding the patents at issue; accordingly, Ford and Fiat would not be barred "from making the same or similar arguments in this case as being made by other automobile manufacturers in the IPR proceedings, including equitable defenses." *Id.* at *4. Thus, a stay pending IPR would not simplify the issues as to Ford or Fiat. *Id.* Here, unlike *Signal IP*, a stay would simplify the issues because only the '395 Patent is in IPR and both the Plaintiff and the Defendant are parties to the IPR proceedings; this means that estoppel and res judicata principles would be applicable.

**3.**     *Reducing the Burdens of Litigation on the Parties and the Court*

The final factor to weigh is whether a stay would reduce the burden of litigation on the parties and on the court. *Arctic Cat*, 2015 WL 6757533, at *4. Courts will think twice before staying litigation "where the case has proceeded through discovery or even reached the trial ready phase." *Id.* (internal quotation marks omitted). Here, it is true that claim construction briefs have been submitted, but the Court has yet to issue its ruling on the claim construction briefs. Further, there remains ample discovery between the parties and neither a dispositive motions deadline nor a trial date have been set. Should the USPTO proceedings "result in the cancellation or amendment of any of [the Plaintiffs'] claims, a stay at this stage in the litigation will likely save the Parties substantial cost and prevent duplicative proceedings in the future." *Cook Inc.*, 2010 WL 325960, at *6–7. Accordingly, the third factor weighs in favor of granting a stay pending IPR.

Despite the Magistrate Judge's Order, the Court finds, due to the aforementioned analysis and the fact that the Parties each advocate for some form of stay, that this case should be stayed pending resolution of IPR.

**CONCLUSION**

For the foregoing reasons, and in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO IPR proceedings, the Court REVERSES the Magistrate Judge's Order and GRANTS the Defendant's Motion to Stay Pending IPR. This action is STAYED pending final exhaustion of all pending IPR proceedings, including any appeals. The Parties shall file a joint status report within ten (10) days after the conclusion of IPR

proceedings informing the Court of the USPTO's decisions and, if applicable, requesting the Court to lift the stay.

SO ORDERED on September 12, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION